IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YARITSSA NAVAR, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 4526 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO and CHICAGO | ) | |
| POLICE OFFICER DANIEL P. GOLDEN | ) | |
| (STAR # 10964), | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, YARITSSA NAVAR, by and through counsel Erickson & Oppenheimer, complaining against the Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICER DANIEL P. GOLDEN as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

4. The Plaintiff, YARITSSA NAVAR is a resident of the Northern District of Illinois.

5. Defendant CITY OF CHICAGO is a municipal corporation duly incorporated in the state of Illinois and is the employer of Defendant CHICAGO POLICE OFFICER DANIEL P. GOLDEN (STAR # 10964).

6. Defendant CHICAGO POLICE OFFICER DANIEL P. GOLDEN (STAR # 10964), was at all relevant times a duly appointed Chicago Police Officer and at all relevant times, was acting within the scope of his employment and under color of law.

## FACTS

8. On or about May 30, 2020 at approximately 4:00 p.m., Plaintiff Yaritssa Navar (hereinafter, "Ms. Navar") was peacefully protesting near Trump International Hotel & Tower at 401 N. Wabash Avenue in Chicago, Illinois.

9. Defendant Officer Daniel Golden (hereinafter, "Defendant Golden") was on duty at that time.

10. Defendant Golden was assigned to work at or near the Trump Hotel at that time.

11. Defendant Golden was assigned to monitor, control and/or police the protesters.

12. Defendant Golden was carrying a baton at that time.

13. Defendant Golden was dressed in riot gear at that time.

14. Defendant Golden and/or other officers on-scene directed the crowd of protesters, including Ms. Navar, to move backward.

15. Ms. Navar attempted to move backward but was unable to do so because the protesters standing behind her were not moving backward.

16. Defendant Golden immediately began to push Ms. Navar backward using his baton in a horizontal position making contact with Ms. Navar on her torso.

17. Defendant Golden pushed Navar into the protesters standing behind her causing Ms. Navar to stumble backward.

18. Without provocation or any legal justification, Defendant Golden then struck Ms. Navar in the face with his baton.

19. Ms. Navar became disoriented and experienced extreme pain.

20. Ms. Navar's nose began to bleed profusely.

21. Immediately after being struck, Ms. Navar left the protest and went to Northwestern Hospital in Chicago, Illinois.

22. An X-ray performed at Northwestern Hospital revealed that Ms. Navar had a fractured nasal bone.

23. Ms. Navar did not batter Defendant Golden at any time.

24. Ms. Navar did not assault Defendant Golden at any time.

25. Ms. Navar posed no physical threat to Defendant Golden at any time.

26. Ms. Navar did not assault or batter anyone in Defendant Golden's presence at any time.

27. Ms. Navar did not display any violent behavior in Defendant Golden's presence at any time.

28. As a result of Defendant Golden's conduct, Plaintiff Navar sustained physical injuries, pain and suffering and emotional distress.

## COUNT I - FOURTH AMENDMENT – EXCESSIVE FORCE

29. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

30. The actions of the Defendant as set forth hereto constitute a violation Plaintiff Navar, thus violating her 4th Amendment rights under the United States Constitution and 42 U.S.C. Section 1983.

31. The actions of Defendant Golden as set forth herein constitute excessive force.

32. Said actions of the Defendant Golden were intentional, willful and wanton and committed with reckless disregard for Plaintiff's rights.

33. Said actions of the Defendant Golden were objectively unreasonable under the circumstances.

34. As a direct and proximate consequence of the Defendant Golden's conduct, Plaintiff suffered damages, including without limitation violations of her constitutional rights, emotional distress, physical injuries, pain and suffering and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Golden for an award of reasonable compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT II—INDEMNIFICATION

35. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

36. At all relevant times, Defendant City of Chicago was the employer of Defendant Golden.

37. Defendant Golden committed the acts alleged above under the color of law and in the scope of his employment as a City of Chicago employee.

38. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

39. As a proximate cause of Defendant Golden's unlawful acts, which occurred within the scope of his employment, Plaintiff was injured.

**WHEREFORE**, should Defendant Golden be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT III – BATTERY (state law claim)

40. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

41. Defendant Golden knowingly and without legal justification caused bodily harm to Plaintiff.

42. Defendant Golden's contact with Plaintiff was unauthorized and constituted an offensive touching.

43. Defendant Golden's conduct was malicious, willful and wanton.

44. As a direct and proximate cause of Defendant Golden's conduct, Plaintiff suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Golden for an award of reasonable compensatory and punitive damages, plus costs.

### COUNT IV—*RESPONDEAT SUPERIOR*

45. Each of the paragraphs above is incorporated by reference as though fully stated herein.

46. In committing the acts alleged in the preceding paragraphs, Defendant Golden was an agent of the City of Chicago was acting at all relevant times within the scope of his employment and under color of law.

47. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, should Defendant Golden be found liable on one or more of the state claims set forth above, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant, as well as costs awarded.

### JURY DEMAND

The Plaintiff requests a trial by jury.

### NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Abby D. Bakos

Erickson & Oppenheimer, Ltd.
223 West Jackson Boulevard, Suite 200
Chicago, Illinois 60606
Telephone: (312) 327-3370
Email: abakos@eolawus.com